IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MICHAEL HAMES, JR.                                                                                PLAINTIFF

vs.                                         Case No. 3:14-cv-00238 JTK

CAROLYN COLVIN, *Acting Commissioner*,
Social Security Administration                                                                  DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff, Michael Hames, Jr., appeals the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) based on disability.[1]  Both parties have submitted appellate briefs, and the case is ready for a decision.  The only issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence. For the reasons outlined below, the decision of the Commissioner is remanded.

### Procedural History

Plaintiff protectively filed his application on March 17, 2010, alleging a disability onset date of April 1, 2009, due to depression, anxiety, and lower back pain.  (Tr. 140) Plaintiff's claim was denied at the initial and reconsideration levels.  An administrative law judge (ALJ) held a

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

hearing on August 23, 2011.  Following the hearing, the ALJ issued an unfavorable decision denying Plaintiff's claim, and the Appeals Council subsequently denied the request for review. Plaintiff appealed the decision, and on October 3, 2012, the Court reversed the decision of the Commissioner and remanded the case for further proceedings.  Upon remand, a different ALJ held another hearing on June 20, 2013.  That ALJ issued an unfavorable decision, and the Appeals Council denied review. It is from this decision that Plaintiff now brings his appeal.

## Administrative Proceedings

On initial appeal to the district court, Plaintiff argued the record did not contain (1) sufficient medical evidence of the extent to which his obesity, when combined with his degenerative disc disease, restricted his ability to perform sedentary work; or (2) any medical evidence from a treating or examining physician regarding his work-related physical abilities and functional limitations.  The magistrate judge remanded the case, finding that the record did not contain a functional assessment of Plaintiff's abilities by any examining or treating physician. The court ruled that remand was necessary "so that the ALJ could obtain specific medical evidence from a treating, examining, or consulting physician regarding the extent to which Plaintiff's physical impairments affect his ability to engage in work-related activities." *Hames v. Colvin*, Case No. 3:12-cv -00035-JTR, slip op. at 8 (E.D. Ark., Oct. 3, 2012).

Upon remand, the ALJ held another hearing on June 20, 2013.  Plaintiff appeared with his counsel along with Tanya Smith, a vocational expert, and Peter Mark Schosheim, M.D., an orthopedic medical expert.  (Tr. 483) Plaintiff's counsel did not object to Dr. Schosheim's qualifications to testify.  Dr. Schosheim testified that, based upon Plaintiff's medical history, he

was capable of sedentary work. (Tr. 486-488) Specifically, in response to questioning by Plaintiff's counsel, Dr. Schosheim found Plaintiff could occasionally lift, carry, push, and pull twenty pounds; frequently lift, carry, push, and pull ten pounds; stand/walk for two hours in an eight-hour work day; sit with normal breaks for six hours in an eight-hour work day; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs and occasionally balance, kneel, crouch, crawl, and stoop; no manipulative, visual, or communicative limitations; and avoid all exposure to hazardous machinery and unprotected heights. (Tr. 489-490)

In a subsequent opinion dated August 7, 2013, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 1, 2009; had the severe impairments of degenerative disc disease at L4-L5 and morbid obesity; did not meet a listing; and was capable of performing his past relevant work as a telephone call center operator. (Tr. 434-449). Therefore, the ALJ found Plaintiff had not been under a disability. The Appeals Council denied the request for review, and this appeal followed.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v.*

*Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004).  However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)).  "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## Discussion

On appeal, Plaintiff argues the Commissioner's decision that he is not disabled is unsupported by substantial evidence on the record as a whole. (Plaintiff's Brief, DE #12, at p. 26)  Specifically, Plaintiff contends (1) the ALJ did not comply with the remand order, *Id.* at 28, and (2) the ALJ erred in finding that he could perform sedentary work, *Id.* at 31.  The undersigned finds that remand is again appropriate in this instance.

In reversing the Commissioner in the previous denial of benefits, the magistrate judge remanded the case so that the "ALJ could obtain specific evidence from a treating, examining, or consulting physician regarding the extent to which Plaintiff's physical impairments affected his ability to engage in work-related activities." *Hames v. Astrue*, Case No. 3:12CV00035-JTR, at *8 (E.D. Ark. Oct. 3, 2012).  Plaintiff argues first that the ALJ did not comply with the remand order of the court which made clear its vision that a physician personally examined him. Specifically, Plaintiff claims the Commissioner violated the spirit of the court's order because

the ALJ did not have him examined by a physician but simply called a medical expert to testify at the hearing based on review of the medical records and not the physician's own physical examination.  According to Plaintiff, because the ALJ failed to comply with the district court's order by obtaining an opinion from an examining physician, and none of his treating physicians have been asked for or offered an opinion as to his RFC, the case is precisely in the same posture as it was after the ALJ's first decision—an RFC assessment supported only by the opinion of non-treating, non-examining physicians whose opinions are entitled to little evidentiary weight.

The Court agrees. Consulting physicians do not always examines a claimant, and thus, are sometimes deemed non-examining physicians. Here, the ALJ elected to use the testimony of an orthopedic medical expert, Dr. Schosheim, who did not personally examine Plaintiff. "The use of a medical advisor, i.e., 'an expert who does not examine the claimant but who hears and reviews the medical evidence and who may offer an opinion,' was expressly approved in *Richardson v. Perales*, 402 U.S. 389, 396 (1971).  The opinion of such an advisor, even if different from that of an examining physician, may constitute substantial evidence to support a finding of non-disability" *Janka v. Sec'y of Health, Ed., & Welfare*, 589 F.2d 365, 368 n. 4 (8th Cir. 1978); *see also Gates v. Astrue*, 627 F.3d 1080, 1082-83 (8th Cir. 2010).  While, Dr. Schosheim provided testimony based upon the medical records, he also gave his own opinion as to Plaintiff's ability to engage in work-related activities.

As the court previously noted, the record here still does not contain a functional assessment of Plaintiff's physical abilities by any examining or treating physicians.  Nor was

Plaintiff examined by a consulting specialist. The opinion of the remand court clearly indicates its directive that Plaintiff be examined by a treating, examining, or consulting physician. Thus, the only physicians who have addressed Plaintiff's specific functional abilities remain non-treating, non-examining consultative physicians. The opinion of non-treating, non-examining physicians normally do not constitute substantial evidence to support an RFC assessment. *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000).

Under these circumstances, the evidence in the record again falls short of the required medical evidence necessary to support the ALJ's physical RFC determination. This case is remanded so that the ALJ can can obtain specific medical evidence from a treating, examining, or consultative physician that actually examines Plaintiff to determine the extent to which physical impairments affect his ability to engage in work-related activities. *See Bowman v. Barnhart*, 310 F.3d 1080, 1085 (8th Cir. 2002). The ALJ should also update the medical records with any additional treatment received by Plaintiff. The ALJ should then reevaluate the entire record and, if necessary, reformulate Plaintiff's RFC and then proceed through the sequential evaluation.

## Conclusion

IT IS THEREFORE ORDERED THAT the Commissioner's decision is reversed and this matter remanded for further proceedings consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

SO ORDERED this 16th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE